DANIEL MURPHY, an Infant, by ELIZA SMITH, his Guardian ad Litem, Respondent, v. JOHN BENNETT, Appellant.

*Negligence — Factory Act — a child employed in a lumber district near a mill, by the mill owner, is not within its protection.*

Under the provisions of the Factory Act, section 2 of chapter 409 of the Laws of 1886, as amended by chapter 560 of the Laws of 1889 and by chapter 673 of the Laws of 1892, enacting that "no child under fourteen years of age shall be employed in any manufacturing establishment within this State," and the provisions of section 18 of chapter 673 of the Laws of 1892, defining a manufacturing establishment as "any mill, factory or workshop where one or more persons are employed at labor," persons who are engaged in manufacturing by the agency of a saw mill are not prohibited from employing chil-

dren under the age of fourteen years in removing boards from a pile of lumber in a lumber district a quarter of a mile from the mill where the boards are to be sawed or planed.

APPEAL by the defendant, John Bennett, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 31st day of December, 1895, upon the verdict of a jury rendered after a trial at the Albany Circuit, and also from an order entered in said clerk's office on the 9th day of December, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Thomas S. Fagan*, for the appellant.

*W. F. Rathbone* and *Lewis E. Carr*, for the respondent.

HERRICK, J.:

This is an appeal from a judgment rendered upon a verdict in favor of the plaintiff and against the defendant, and from an order denying a motion for a new trial. The complaint is one charging negligence against the defendant.

The plaintiff is an infant under the age of fourteen years. The defendant at the time of the accident was operating a planing and sawing mill, and had about fifty persons in his employment.

The plaintiff, under the employment of the defendant, was engaged in removing boards from a pile of lumber to be brought to the mill to be there sawed or planed, and while so doing, he having in his hand a board, a gust of wind struck the board and caused the plaintiff to fall from the pile of lumber, whereby his arm was broken and his back injured.

At the close of the evidence the trial court held, in substance, that the plaintiff being under fourteen years of age, and employed by the defendant, and being accidentally injured in the course of that employment, the only question for the jury was one of damages.

This ruling of the court was made under the so-called Factory Act. I do not think that the Factory Act is applicable to the facts in this case, and I think that, therefore, the judgment should be reversed.

Section 2 of chapter 409 of the Laws of 1886 (commonly called the Factory Act), as amended by chapter 560 of the Laws of 1889,

and chapter 673 of the Laws of 1892, provides as follows: "No child under fourteen years of age shall be employed in any manufacturing establishment within this State." And by chapter 673 of the Laws of 1892, section 18, manufacturing establishments are defined as follows: "The words 'manufacturing establishments' wherever used in this act, shall be construed to mean any mill, factory or workshop where one or more persons are employed at labor."

This statute, being in derogation of the common law, must be strictly construed.

At the time of the accident the plaintiff was not employed in any mill, factory or workshop. He had been employed for about two weeks in the planing mill of the defendant. On the Saturday before the happening of the accident he was told by the foreman, boss or manager of the defendant that he must go out in the lumber district and work there or else go home. On the following Monday he was told the same thing, and upon his saying that he did not want to go he was told he would either have to go to work there or go home. That portion of the district where he was engaged in working at the time of the accident was in the yard of a lumber dealer, distant about a quarter of a mile from the defendant's mill.

It must be obvious, from the reading of the statute, that persons who are engaged in manufacturing business, and who have mills, factories or workshops, are not prohibited from employing children under the age of fourteen years in any capacity or place; they are simply prohibited from employing them in such mills, factories or workshops. In employing them as messenger boys outside of such mill or workshop, or in any capacity which does not bring them, in the course of their employment, within such mill, factory or workshop, and does not subject them to the dangers or unhealthfulness of such employment, which the act was passed to protect them against, neither the letter nor the spirit of the act is violated.

The employment of the plaintiff by the defendant, at the time of the happening of the accident, was of the latter kind; he was informed that he must work out of doors or go home, thus forbidding him to work in the mill.

The case having been decided upon the theory that, at the time of the happening of the accident, the plaintiff was in the employ of

the defendant in violation of the section of the Factory Act referred to, the judgment for that error must be reversed and a new trial granted, costs to abide the event.

All concurred, except LANDON, J., not sitting.

Judgment and order reversed, with costs.