HARRY A. TAYLOR v. STATE OF NEBBRASKA.

FILED MAY 8, 1924.    No. 23803.

Infants: EMPLOYMENT. The statute providing that no child under 14 years of age shall be employed or permitted to work in a

Taylor v. State.

theatre does not forbid the proprietor of a theatre from allow-
ing children, casually, under the direction and control of their
teacher or parents, to go upon the stage voluntarily, without
compensation, to entertain the public by giving a four-minute
exhibition in the arts of dancing, acting, or singing. Comp. St.
1922, sec. 7669.

ERROR to the district court for Douglas county: L. B.
DAY, JUDGE. *Reversed and dismissed.*

*Eugene N. Blazer,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and GOOD,
JJ., and BLACKLEDGE, District Judge.

PER CURIAM.
In the juvenile division of the district court for Douglas
county, Harry A. Taylor, the proprietor of two motion pic-
ture and vaudeville theatres in Omaha, was accused of vio-
lating the statute which declares:
"No child under fourteen years of age shall be employed,
permitted or suffered to work in, or in connection with any
theatre, concert hall, or place of amusement, or in any
mercantile institution, store, office, hotel, laundry, manu-
facturing establishment, bowling alley, passenger or freight
elevator, factory or work shop, or as a messenger or driver
therefor within this state." Comp. St. 1922, sec. 7669.
Defendant pleaded not guilty and upon a trial in the
juvenile court he was convicted and sentenced to pay a fine
of $5 under another statutory provision authorizing the im-
position of a penalty for a violation of the law. To reverse
the judgment of the district court, defendant has
prosecuted a proceeding in error, bringing up the evi-
dence relied upon by the state to sustain the conviction.
Did defendant violate the statute? The answer depends
on what he did, as shown by the evidence, and on the mean-
ing of the language used by the legislature. Defendant

operates two motion picture and vaudeville theatres in Omaha, both being a considerable distance from the business center of the city. The evidence relied upon by the state to prove guilt is in substance as follows: Occasionally defendant, in entertaining people who pay admission fees and occupy seats in the theatres, permits girls of good character, between the ages of 10 and 14 years, to appear on the stage to dance, act or sing. Such performances are casual. Each performance lasts from two to four minutes only, and the appearance on the stage occurs but once or twice during an evening, the performer leaving the theatre before 9 o'clock. The girls are pupils of an instructor in dancing, acting, or singing, and their performances are in a sense lessons in those arts. While absent from home and in and about the theatre, the girls are in the care of their teacher or some other proper person. A girl receives no compensation. Her appearance and experience before the public are voluntary and the environment is not improper. In these respects there is no dispute in the evidence.

Is the permitting of such performances by the proprietor of the theatres, under the circumstances disclosed by the proofs, a violation of law? It is the unanimous opinion of the court that the legislature did not use language forbidding what defendant did when he permitted the girls to appear on the stage under the circumstances shown in this prosecution. "Be employed" and "to work," as those terms are used in the statute, when the entire act and the purposes of the legislation are considered, imply a contract of employment for compensation and work for hire pursuant to such a contract. This is the sense in which such legislation is generally understood. The girls in performing their little tasks in public were not under the control of defendant as master or employer. They were directed by their own teacher in studying and exhibiting their art, or by some other proper person, and were thus protected from the evil influences against which the statute is directed. In this sense, there is no evidence that defendant

violated the law. The judgment is therefore reversed and the prosecution dismissed.

REVERSED AND DISMISSED.

Note—See Infants, 31 C. J. p. 995, sec. 16.