## GRAHAM *v.* GOODWIN.

(Division B.   Sept. 24, 1934.   Suggestion of Error Overruled Oct. 22, 1934.)

[156 So. 513.   No. 31298.]

F. E. Leach, of Carthage, and Watkins & Eager, of Jackson, for appellant.

898

Percy M. Lee, of Forest, for appellee.

Argued orally by **Pat Eager**, for appellant, and by **Percy M. Lee**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

At the time of the injury for which this action was brought, appellant was engaged in the operation of a stave mill, and appellee, the injured party, was a minor of the age of fifteen years and eleven months. It appears that some, if not all, of the raw material, that is, the billets of hardwood, upon which the mill operated, was purchased by appellant from neighboring timber owners,

and that these owners would deliver the timber to the ramps of the mill, where an employee of appellant, known as the yard foreman, would scale the timber so delivered and issue vouchers therefor. On the day of the injury, appellee was engaged in assisting one of the independent timber owners aforesaid in the hauling of billets of timber from the woods to the ramps at the mill. It was the duty of the haulers to unload the billets from the trucks to the ramps, but it was no part of their duty but was the duty of the yardman to roll the billets from the initial landing place of the ramp down the ramp to the yard.

There were more than one of these ramps and they were about fifty feet long. One of them led directly into the sawmill, but another was located to the "west of the saw part of the mill." It was at this west ramp that the injury occurred. When appellee, coming in with a load of billets from the woods, arrived at the west ramp, its initial landing place was found to be filled with billets, so that the timber could not be unloaded from the truck; and appellee asserts that to prevent delay he was directed by the yard foreman to roll some of the billets down the ramp to the yard. In so doing appellee was severely injured.

It is contended by appellee that he was in the general employ of appellant on the day of the injury. The evidence does not sustain that issue. Appellee contends further that the directions of the yard foreman to appellee to roll down some of the billets established for the time being the relation of master and servant between appellant and appellee. It may be that upon one or the other of two theories, the evidence was sufficient to go to the jury on the issue of employment at the particular time of the injury, and, assuming but not deciding that it was, we have carefully reviewed the record on the facts and have come to the conclusion that there is not sufficient substantial and dependable proof to sustain liability against the appellant under the general law in regard to the duties of master to servant.

The ramp is shown by the undisputed testimony to have been constructed according to the standard pattern for unloading at such mills; appellee himself directly admitted that there was nothing substantially wrong with the ramp. The work of rolling the billets down the ramp, one by one, was a simple operation and whatever dangers there were in it were inherent and obvious. Appellee admits that he knew and understood the manner of doing this work. So that the sole basis of complaint upon the issues of negligence is left to rest upon the theory that no help was furnished appellee in rolling down the particular billet which caused the injury. It is not shown that this billet was different in size, shape, or weight from many others of the general run of billets being brought from the surrounding woods and handled at these ramps. The record fails to show that the rolling down of a particular billet, according to the usual and generally observed manner or way was any other than a one-man task, and there is no evidence, that, according to the usual course of conduct or experience in rolling down a particular billet any more than one man was reasonably necessary or was ever used. On the contrary, the proof is that the yard foreman, so called, alone and unaided, usually did this work of rolling down the billets; there is no evidence that he had any difficulty in doing so, and it is undisputed that appellee was intelligent and was of a size which indicated that he was about seventeen or eighteen years old. It is far from sufficient proof that simply because a worker is injured in doing a one-man's job he should have been furnished help. While the rule as to furnishing sufficient servants is a salutary one, it is not to be unduly extended as is shown by such cases as, for instance, Gulf, M. & N. Railroad Co. v. Nutt, 120 Miss. 93, 81 So. 642.

The case must be saved, therefore, if at all, by the Child Labor Statute, section 4647, Code 1930, and by the provision therein which forbids that a child under sixteen years shall be permitted to work under certain con-

ditions. That statute reads in part as follows: "It shall be unlawful for any person . . . to employ, or detain, or permit to work, in any mill, cannery, workshop, factory or manufacturing establishment in this state, any child under the age of fourteen years, or any child over the age of fourteen years and under the age of sixteen years, unless such child has complied with, or is complying with, the compulsory school attendance law," and the statute proceeds further to prescribe the affidavit and certificate which the employer shall procure before he shall permit the employment. It is undisputed that appellant had not, as to appellee, complied with the statutory requirements touching the Compulsory School Law (Code 1930, section 6716 et seq.). And it is plain that the direction of the foreman to appellee to roll the billets down the ramp satisfies the statute in respect to the prohibition against permitting a child to work. An employment as master and servant is not necessary under that prohibition of the statute; it is sufficient that the child is knowingly permitted or directed to work as if an employee, and that the permission or direction is by a foreman who has the supervision of that work.

The statute, however, does not prohibit persons who have mills or manufacturing establishments from employing or permitting a child to work in any capacity or place; the prohibition is specifically against employing, or permitting, a child to work in "a mill or manufacturing establishment." Murphy v. Bennett, 11 App. Div. 298, 42 N. Y. S. 61. The statute does not prohibit, for instance, the employment of a child in logging operations in the woods away from the mill or manufacturing establishment. And thus the case comes to the decisive question whether the ramp "at the west of the saw part of the mill" and at which ramp the child was injured comes within the terms of the statute as to place; that is, was this ramp "in the mill or manufacturing establishment?"

. Upon this precise question counsel for the parties have

cited as the nearest cases which they have been able to find, the following: Murphy v. Bennett, supra; Taylor v. State, 112 Neb. 112, 199 N. W. 22; People v. Regell, 220 App. Div. 743, 221 N. Y. S. 637; Rugart v. Baking Co., 277 Pa. 408, 121 A. 198; Boody v. Mfg. Co., 77 N. H. 208, 90 A. 859, L. R. A. 1916A, 10, Ann. Cas. 1914B, 1780; and Pellerin v. Cotton Mills (C. C. A.), 248 F. 242, 245. The facts of these cases are such as to give us no controlling assistance. There is no case directly in point among our own decisions. In this situation we turn to those of our statutes and decisions which deal with related questions, and in that connection we observe that the preceding section of the code, section 4646, Code 1930, regulating the hours of labor, uses exactly the same terms as to place to work which are found in the Child Labor Statute, to-wit, ''in any mill, cannery, workshop, factory, or manufacturing establishment.''

The legislature knew in the revision of the Code of 1930 that this court had consistently and for several years construed the quoted language and similar language in the Hours of Labor Statutes to refer only to places of work which were in such proximity to the machinery of the mill or manufactory as that the worker would be affected by the machinery or operating part of the mill or manufacturing establishment. Ten years before the revision of the Code of 1930, this court had reviewed our previous cases and so held in Handy v. Mercantile Lumber Co., 121 Miss. 489, 83 So. 674. Therefore in using exactly the same language in the Child Labor Statute at the same time and in the same chapter of the code, it is persuasive that it was the legislative intent that the same construction should be put on the latter statute, else different phraseology would have been inserted. Certainly we are not to usurp legislative functions and insert a different phraseology by the device of judicial construction, when the occasion therefor is not manifest.

But reasoning upon principle and according to the

usual and ordinary sense of the words used in the Child Labor Statute, and this court has often held that statutes of this general nature must be so interpreted, that statute, as we have already remarked, does not prohibit the employment of a child in logging operations in the woods away from the mill. Since the statute does not prohibit such employment in the woods and in hauling timber along the highways to a mill, at what point in this logging and hauling operation does the statute come into play? Appellee insists that the point is reached when the child in the logging or timber employment reaches or comes within the environs of the mill, and that, since the mill ramp is a part of the mill equipment, he has reached the mill when he arrives at the mill ramp. But a worker in rolling timber down the ramp at the mill is no more affected by the mill than he is when rolling logs up a ramp in the woods. Upon what rational basis, then, would the legislature permit a child to work at a ramp in the woods and prohibit the same work at a ramp at the mill, so long as neither is affected by that part of the mill or the operations thereof which belong to the immediate process of manufacture?

Thus we conclude that the work at the ramp "west of the saw part of the mill" where this injury occurred, and where the worker was in no way affected by the machinery or manufacturing or operating part of the mill, does not come within the statute. It was not "in the mill or manufacturing establishment;" and the peremptory instruction requested by appellant should have been given.

Reversed and judgment here for appellant.