OWEN, Judge.
At a time when Kingswood Builders, Inc., a corporation, was insolvent or its insolvency was imminent, it conveyed a parcel of real property to one James A. Morgan, a creditor, which conveyance the court set aside as a void preferential transfer proscribed by Fla.Stat. § 608.55 (1965). On appeal to this court, Kingswood Builders, Inc. v. Wall Plumbing & Heating Co., Inc., 287 So.2d 352 (4th DCA Fla.1973), we held that the trial court nev *140 er acquired jurisdiction over the person of the defendant James A. Morgan and that as a consequence the final judgment was void as to him and he should be dismissed as a party to the litigation.
The original final judgment not only held the deed to Morgan void, but also ordered Morgan to reconvey the property to Kingswood Builders, Inc. or, in the alternative, (since he had in the meantime conveyed the property to a third party) to account for the consideration received by him from his grantee. Additionally, the judgment awarded plaintiffs a cost judgment against Morgan. After the remand by this court, the trial court entered an amended final judgment which although continuing to hold the deed from Kings-' wood Builders, Inc. to Morgan to be void as a preferential transfer prohibited by Fla.Stat. § 608.55 (1965), omitted those provisions appearing in the original judgment which we have above italicized. It is from this amended final judgment that the same appellants have now brought this appeal.
As we understand appellants’ brief, they make no argument that the trial court, upon remand, failed to follow the mandate of this court, but instead argue such points as: (1) the court’s lack of jurisdiction over the subject matter and the parties, (2) lack of jurisdiction over the property or res, (3) the court’s failure to properly interpret or apply Fla.Stat. § 608.55 (1965), (4) the statute of limitations, and (5) the insufficiency of the evidence. All of these points were in essence argued on the prior appeal and, except for the one relating to jurisdiction over the person of James A. Morgan, were found to be without merit. Not only have we already considered all of the points which appellants now raise, but also it is clear that no new proceedings were had before the court other than merely the entry of an amended final judgment seeking to conform to the mandate of this court upon remand. Thus, it appears to us that the only real issue before us is whether the amended final judgment complies with the previous mandate of this court.
Exercising commendable acuity, the trial court correctly discerned that in our prior opinion (287 So.2d 352), in which we stated “. . . the trial court never acquired jurisdiction over the person of the defendant James A. Morgan”, we meant in personam jurisdiction, since the record reflects without question that there was proper constructive service on Morgan so as to give the court in rem jurisdiction over Morgan as to his interest in the res. The suit to cancel the deed to Morgan to real property located within the jurisdiction of the court was an in rem proceeding and constructive service was authorized under Fla.Stat. § 48.01 (1965). Recognizing that our prior opinion was intended to refer only to a lack of in personam jurisdiction over Morgan, and that the reference to his being dismissed as a party to the litigation was intended to refer only to those portions of the final judgment in which the court had sought to exercise in personam jurisdiction over him, the trial court correctly eliminated from the final judgment those portions which were void in the absence of in personam jurisdiction, but properly retained that portion which dealt only with the court’s in rem jurisdiction, i. e., the claim to title to real property within the jurisdiction of the court.
The amended final judgment from which this appeal has been taken is affirmed. By way of caveat our decision does not purport to decide the right, title or interest, if any, of Morgan’s grantee as no questions relating thereto are properly before us in this case.
Affirmed.
WALDEN, C. J., and MAGER, J., concur.