PATTERSON, Chief Justice,
for the Court:
This is an appeal from a judgment of the Circuit Court of Wayne County awarding William Mathis $35,000 against Fortenberry Drilling Company, Inc. and Damson Oil Corporation.
Mathis was accidentally injured on January 31, 1977, at an oil well drilling site in Wayne County. Damson Oil Corporation (hereinafter Damson) owned the drilling rights on the land involved and Fortenberry Drilling Company, Inc. (hereinafter Forten-berry) was the owner of the rig and was the drilling contractor. Mathis, the injured party, was an employee of Oil Field Rental Service, an independent contractor, that had been engaged by Damson to run casing into the well. Jack Miller directed the overall operations of the drilling rig upon the premises. Miller was an employee of Stanley Stocksill, Inc. with whom Damson had contracted to drill the well. Neither Stocksill nor Miller was a party to the suit.
*106 Mathis was injured as he attempted to straighten the drill pipes, drill collars and drill casings which were in disarray upon the pipe rack. In between the layers of pipe, collars and casings were rough oil field boards. When not in disarray, this arrangement allowed the pipes to be rolled across the rack to a catwalk adjoining the drilling platform from which they could be “winched” to the platform which was approximately thirty feet above the ground.
On the night of the accident, there was an irregular stacking of the drill collars left by the Fortenberry drilling crew. Mathis stated they “were stacked like a bunch of matches that had been pulled out of a match box.” Normally, a drilling crew has the responsibility of leaving the pipes, etc. in a suitable position for a casing crew to begin its work. It was not done in this instance. Following a conversation between the supervisor of the casing crew, of which Mathis was a member, and Miller, the overall superintendent, Mathis and his fellow crew members were instructed to straighten the pipe rack. While attempting to perform this function, Mathis fell and suffered multiple serious injuries.
Mathis testified he fell because the pressure of one of the drill collars he was moving with a pry bar caused one of the boards between the layers of pipe to break which in turn permitted the pipes to shift. He also stated that nothing about the pipe rack was hidden from his view and that he knew its condition because he and his fellow crew members had observed it for some period of time while awaiting the drilling crew to complete its task. It is clearly apparent that Mathis was fully aware of the situation, including the danger in straightening the equipment in disarray. It was as open and obvious to Mathis as it was to the employees of Damson and Fortenberry or anyone else at the drill site.
In our opinion, the foregoing states the dispositive issue in this case, which is to say there is no liability on the part of Fortenberry or Damson because the danger was open, obvious and apparent to Mathis. This issue was addressed in General Tire & Rubber Company v. Darnell, 221 So.2d 104 (Miss.1969), wherein we stated:
The owner or occupier of business premises owes business invitees the duty to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition. The owner of a business is not an insurer of invitees using the premises for business reasons, and there is no liability for injuries caused by conditions which are not dangerous or which are, or should be, known or obvious to the business invitee. (221 So.2d at 107) (emphasis added).
See also Jackson Ready-Mix Concrete Company v. Sexton, 235 So.2d 267 (Miss.1970), cert. denied, 400 U.S. 916, 91 S.Ct. 174, 27 L.Ed.2d 155.
A similar decision was reached in Graham v. Goodwin, 107 Miss. 896, 156 So. 513 (1934). In it the appellee was working for a timber owner engaged in hauling timber from the woods to a mill. Once the timber was unloaded onto the ramps, it was rolled into the mill yard. It was not part of the appellee’s or his employer’s duty to assist in rolling the timber; however, the appellee assisted on one occasion and was injured. In denying recovery, it was held:
The work of rolling the billets down the ramp, one by one, was a simple operation and whatever dangers there were in it were inherent and obvious. (107 Miss. at 901, 156 So. at 514)
We also recognize the rule that an owner or occupier of premises owes no duty of protection to an independent contractor when the contractor or his employee is injured by an activity which is intimately connected with defects which the contractor has undertaken to repair. Spruill v. Yazoo Valley Oil Mill, Inc., 317 So.2d 140 (Miss.1975); Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267 (Miss.1970), cert. denied, 400 U.S. 916, 91 S.Ct. 174, 27 L.Ed.2d 155; United Roofing & Siding Co. v. Seefeld, 222 So.2d 406 (Miss.1969). In this case, the Oil Field Rental crew had undertaken the rearrangement of the pipes upon the rack and thus Mathis cannot recover for injuries occurring as he was performing this task. *107 Mathis attempts, however, to circumvent this rule on the basis that he was not an expert in this field. We are of the opinion that the lack of expertise has no application for the simple repair of a condition wherein no technical skill was needed and where the danger was as open and obvious to the injured party as to anyone else.
In summary, Mathis contended Damson and Fortenberry were negligent because they failed to provide him with a safe place to work, or to give him any warning of the danger at the work site. However, we conclude there was no legal duty upon Damson or Fortenberry to warn Mathis of an open and obvious danger of which he was aware. Furthermore, a contractor or his employee cannot recover for injuries which occur while correcting a defect which he had agreed to repair. There being no liability, the judgment was erroneously awarded.
REVERSED AND RENDERED.
SMITH and ROBERTSON, P. JJ., SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.