In re SICKLES.

SICKLES v. BALLSTON REFRIGERATING STORAGE CO. et al.

(Supreme Court, Appellate Division, Third Department.   January 5, 1916.)

MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—INJURIES TO
     SERVANT—WORKMEN'S COMPENSATION ACT—"BUSINESS OF STORAGE."
          Under the Workmen's Compensation Act (Consol. Laws, c. 67) § 2,
     group 29, defining the business of storage as an extrahazardous occupa-
     tion, compensation cannot be allowed a fruit buyer for a storage com-
     pany who was injured when an automobile, in which he was going from
     place to place, inspecting and buying fruit, overturned, such employé's
     duties not being in connection with the business of storage, which im-
     plies merely the housing and care of property.

Appeal from State Industrial Commission.

Proceedings by Clarence A. Sickles against the Ballston Refrigerat-
ing Storage Company, employer, and the Globe Indemnity Company,
insurer, for compensation under the Workmen's Compensation Act.
From an award made by the State Industrial Commission, the em-
ployer and insurer appeal.   Reversed and remitted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-
WARD, and COCHRANE, JJ.

Robert M. McCormick, of New York City (Joseph F. Murray, of
New York City, of counsel), for appellants.

William Rooney, of Ballston, for claimant.

Egburt E. Woodbury, Atty. Gen. (Harold J. Hinman, Deputy Atty.
Gen., of counsel), for State Industrial Commission.

COCHRANE, J.   The Commission has found that the employer,
the Ballston Refrigerating Storage Company, was "engaged in the
business of handling and storing fruits and produce at Ballston Spa.
N. Y.," and that the claimant "was employed as a purchasing and sales
agent and assistant to the manager by the Ballston Refrigerating Stor-
age Company."   These findings are in accordance with the facts.   The
employer conducted a storage business at Ballston, N. Y., and to that
extent was engaged in a hazardous employment as described in sec-
tion 2 of the Workmen's Compensation Law, which includes, in
group 29 of that section, the business of "storage."   The employer
was likewise engaged in the business of buying and selling fruit, and
it may be assumed that some or all of the fruit thus purchased was
subsequently stored in its storehouse at Ballston.

When the claimant was injured he was engaged in buying fruit in
West Virginia.   In his claim for compensation he stated his occupa-
tion when injured as "buyer of fruit and salesman."   He was going
from place to place, inspecting and buying fruit in an automobile,
when it overturned, and he thus received the injury in question.

I do not think the work in which the claimant was engaged when
he received his injury has any logical or appropriate connection with
the storage business.   That business implies merely the housing and
care of property within a storehouse or other appropriate place of

deposit. There is no implication that the goods stored belong to the person engaged in the storage business. In fact ownership of the goods is entirely irrelevant. And whatever dangers and hazards may be incident to the storage business certainly have no connection with traveling through the country as a purchasing or sales agent. The purchasing of goods and acquiring ownership thereto is not an incident to the business of conducting a storage house. The statute should be given a liberal interpretation, but liberality should not be stretched into extravagance, and it seems to me that it would be highly unreasonable to hold that this claimant was injured in a hazardous employment as described and defined by the statute. It certainly was not the legislative intent, in using the word "storage" and making it a hazardous employment, to include therein the duties of a purchasing agent, which differ in no respect merely because the objects of his purchases may find their way into a storage house.

I assume that the claimant in the course of his employment had duties to perform in connection with the ordinary storage business, and that he would be entitled to compensation for an injury received in the performance of such duties. But the difficulty is that the employer was engaged in two entirely distinct kinds of business, one of which was not within the protection of the statute, and that the claimant was injured in performance of his duties, which at the time of the injury solely had reference to that kind of business not thus protected. This is not a case where the duties of the employé in connection with two different kinds of business are so blended and intermingled that it is impossible to say that the particular act which he was doing when injured related to one kind of employment rather than to the other. Here it appears beyond peradventure that the employé was doing nothing at the time of his injury which had any pertinent or legitimate connection with the storage business, and this is so notwithstanding the presumption which the statute establishes in favor of an award. The evidence here is conclusive to the contrary.

Award reversed, and matter remitted to the Commission for further action. All concur.