shares of stock referred to, and also in so far as it awards to defendants only one-half the costs.

The action is brought by the holder of 90 shares of the preferred stock of an outstanding issue of over 58,000 shares of the defendant International Cotton Mills Corporation of New York—(a) to set aside a dissolution of the New York corporation, which was consummated under section 221 of the General Corporation Law of New York (Consol. Laws, c. 23); (b) to declare void and set aside a sale of the assets of the New York corporation to the International Cotton Mills Corporation of Massachusetts; (c) to direct a retransfer to the New York corporation of the assets transferred; (d) to require the Massachusetts corporation to account for the property received; and (e) to enjoin the Massachusetts corporation and its officers from selling or incumbering the property transferred to it by the New York corporation.

The trial was a long one, and the record on appeal is voluminous. It would serve no useful purpose to review the evidence. It is sufficient to say we are of the opinion that the same fairly sustains the findings and conclusions of the referee, and we are entirely satisfied with the judgment entered upon his report, and the reasons assigned in his opinion therefor, except we think the plaintiff and the interveners should have an option, if they so desire, to take in cash the value of their stock in the New York corporation, at the time the consolidation took effect, instead of the stock of the Massachusetts corporation directed in the judgment to be tendered to them. In case they elect to take such value, then the same to be determined by an appraisal, as provided in section 17 of the Stock Corporation Law (Consol. Laws, c. 59).

The judgment appealed from, therefore, is modified, as indicated in this memorandum, and, as thus modified, affirmed, without costs to either party. Settle order on notice.

---

(173 App. Div. 515)

MANDLE v. A. STEINHARDT & BRO., Inc., et al.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

MASTER AND SERVANT ☞361—WORKMEN'S COMPENSATION ACT—EMPLOYÉ WITHIN STATUTE—HAZARDOUS EMPLOYMENT.

A traveling salesman, riding in a public bus while engaged in his regular occupation, was not engaged in a hazardous employment, and cannot recover under the Workmen's Compensation Law (Consol. Laws, c. 67), although his employer's business was hazardous under section 2, group 32, of the act.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☞ 361.]

Appeal from Award of State Industrial Commission.

Proceeding by Herbert Mandle to recover for personal injuries under the Workmen's Compensation Law. From an award of the State Industrial Commission, allowing compensation, A. Steinhardt &

Bro., Incorporated, employer, and the Massachusetts Bonding & Insurance Company, insurance carrier, appeal. Reversed and remanded to the commission.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Nellis & Nellis, of Albany (Merwyn H. Nellis, of Albany, of counsel), for appellants.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Asst. Atty. Gen., of counsel), for respondent.

R. W. Donynge, of New York City, for State Industrial Commission.

HOWARD, J. The claimant was a traveling salesman. His employer was engaged in the manufacture of leather and other fabric novelties in New York City. The claimant occasionally visited the factory to procure samples. He was injured while riding in a public bus from White Plains to Port Chester, and was, at the time of the accident, engaged in his regular occupation of going from place to place for the purpose of selling goods.

Under group 32 of section 2 of the Workmen's Compensation Law, the employer was engaged in a hazardous employment; but the claimant was not so engaged. The hazards incident to manufacturing leather goods in no manner menaced this claimant, riding along on the highway in a bus with other passengers. In fact, the vicissitudes of the claimant, as he journeyed from town to town, were not in the remotest degree affected by the character of the business carried on by his employer. His perils were not increased; his safety not diminished. It is not sufficient under the statute for the employer to be engaged in a hazardous employment; the claimant must have been so engaged. We have just recently passed upon this question in a case quite similar to this. Sickles v. Ballston Refrigerating Storage Co., 171 App. Div. 108, 156 N. Y. Supp. 864. In view of the opinion written there, it is unnecessary to make further comment here.

The award should be reversed, and the matter remitted to the commission for further consideration. All concur.

---

(173 App. Div. 737)

## In re LANGDON.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

1. INSANE PERSONS ☞12—INQUISITION—FINDING.

On petition of the superintendent of the poor of a county, alleging that a named person was incompetent to manage herself or her affairs in consequence of lunacy, habitual drunkenness, or imbecility arising from old age, or loss of understanding, or other cause, without allegation that she was a lunatic, habitual drunkard, or imbecile, or of any fact from which the court might conclude that she was incompetent, where it appeared that she did not properly cultivate her village lot, that she had two married daughters, an income of $12 per month, and owned the place, valued

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes