(173 App. Div. 432)

## In re BROWN.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

MASTER AND SERVANT ☞361—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—"EMPLOYE"—"HAZARDOUS EMPLOYMENT."

    Under Workmen's Compensation Act (Consol. Laws, c. 67) § 3, restricting its benefits to one engaged in hazardous work; subdivision 1, defining "hazardous employment" as occupation described in section 2; subdivision 3, defining an "employer" as a person employing workmen in hazardous employment; subdivision 4, defining an "employe" as one engaged in hazardous employment in the service of an employer on the premises or in the course of his employment and away from the plant; and section 2, group 1, providing compensation for those injured in the operation, including construction and repair of railways—where deceased, employed by the defendant railroad as a process server, claim adjuster, and investigator in the claim department of the company, had been engaged in serving a subpœna, and on returning to the office was injured while riding upon one of the defendant's cars, he was not entitled to compensation under the act, since the fact that an employe is in the service of a railroad does not bring him within the act, if he is not engaged in the hazardous work, or in some way subject to the hazards arising from the nature of the work.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☞ 361.

    For other definitions, see Words and Phrases, First and Second Series, Employé.]

Appeal from State Industrial Commission.

Proceeding under the Workmen's Compensation Act by Fannie A. Brown for compensation for the death of her son, George R. Brown, against the Richmond Light & Railroad Company and the Travelers'

Insurance Company. From an award made by the State Industrial Commission, defendants appeal. Award reversed, and claim dismissed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Amos H. Stephens, of New York City (E. Clyde Sherwood, of New York City, of counsel), and William B. Davis, of New York City, on the brief), for appellants.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Asst. Atty. Gen., of counsel), for respondent.

JOHN M. KELLOGG, P. J. The employer is operating street railways and a public lighting system on Staten Island. George R. Brown, the claimant's son, was employed by it "as a process server, claim adjuster, and investigator. * * * His duties were entirely in reference to claims for damages against said company, and he was connected with the claim department of the company." On April 9, 1915, he had been to New Rochelle to serve a subpœna, and was returning to the office, riding upon one of the defendant's cars. "A fellow passenger stepped upon his foot accidentally, severely bruising the foot, requiring the later amputation of two toes of the left foot, which resulted in gangrenous diabetes, causing his death on May 4, 1915."

By section 2 of the Workmen's Compensation Law compensation is payable for injuries sustained or death incurred by employés engaged in the following hazardous employments:

"Group 1. The operation, including construction and repair, of railways operated by steam, electric or other motive power, street railways, and incline railways, but not their construction when constructed by any person other than the company which owns or operates the railway, including work of express, sleeping, parlor and dining car employees on railway trains. * * *

"Group 12. Construction, installation or operation of electric light and electric power lines, dynamos, or appliances, and power transmission lines."

In determining whether the intestate received his injury while engaged in a work or occupation declared a hazardous employment, we may consider certain definitions in section 3 of the law. By subdivision 1 "hazardous employment" means a work or occupation described in section 2. By subdivision 3, an employer is a person employing workmen in hazardous employments. By subdivision 4 an employé is a person engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises, or at the plant, or in the course of his employment away from the plant of his employer.

The decedent was not in any manner employed upon, about, or in connection with the tracks or cars of the railroad, and had nothing to do at, about, or in connection with the electric light and power lines, dynamos, or appliances of the company. His employment was in the claim department of the company, which had nothing to do with the cars, the tracks, or the electric lines or appliances. His duties, and the hazards attending them, were in all respects the ordinary duties of an investigator, a process server, or claim adjuster, found in many of the

large law offices. The fact that the decedent was employed by this corporation, rather than a corporation carrying on any other extensive business employing a like service, does not make his work more hazardous. The fact that he was riding upon the car of the defendant, rather than upon the car of another company, did not add to the hazards of the employment. In performing his duties it was necessary for him at times to go from one place to another. In doing so he might walk, or ride upon a bicycle, a public bus, the car of another company, an automobile, or other vehicle. At the time he was injured he was riding upon the car of his employer. If he had been riding upon the car of another company, or in a bus, and had received a similar injury, it would be a very strict rule which would hold that he was not within the law, but would have been if he had been riding upon defendant's car. In a sense the uptown ticket agent of a railroad company, at an office a mile or so from the railroad track, whose only duty is to sell tickets over the counter, is engaged in operating a railroad, for the sale of tickets is a necessary incident to carrying passengers; but if such an employé fell while passing from one room to another in his office, it could not fairly be said that his injury arose out of the hazardous business of operating a railroad. He was not engaged in that work or occupation, but was a mere clerk, selling tickets at a distance from the railroad, and having no physical connection with the railroad or its operation. If the decedent was operating a railroad, it is difficult to see why the stenographer in the office of the law department was not also operating a railroad.

The statute is intended to protect employés engaged in hazardous works and occupations, and has defined the employments which the Legislature deems hazardous. To be within the legislative intent, the work or occupation must subject the employé to the hazards contemplated by this law. The decedent was riding upon the car, not as an employé in the performance of a duty relating to the car, its operation, or its passengers, but was a passenger for his own personal convenience. He was subject to the same hazards as any other passenger in the car, and the hazard came, not because he was operating a railroad, but because he was riding in a car, and the hazards, so far as the accident is concerned, were no greater upon the car than they would have been upon a bus or at any public place where people assemble. He was not necessary to or an incident to the operation of the car, and had no duty upon the car. The conductor, the engineer, the trainmen, possibly the stenographer, librarian, and barber employed by a company upon a limited car, may be considered as engaged in its operation, as according to the rules of the company their presence and the performance of their respective duties are necessary for the operation of the car. But the decedent had no such relation to this car, and was not in any way connected with its operation. The mere fact that an employé is in the service of a railroad company does not bring him within the act; he must be engaged in the hazardous work, or in some way be subject to the hazards arising from the nature of the work.

In Sickles v. Ballston Refrigerating Co., 156 N. Y. Supp. 864,

the claimant was in the employ of a cold storage company at Ballston, N. Y., but at the time of the injury was buying fruit in West Virginia for the company. It was held that he was not injured while engaged in the hazardous employment of "storage," under group 29. In the Matter of Newman v. Newman, 169 App. Div. 745, 155 N. Y. Supp. 665, the claimant was driving a delivery wagon for a butcher and meat dealer, but had stabled his horse, and late in the evening, while carrying a piece of meat to a customer, fell over a pail of glass upon the walk and was injured. It was held that he was not engaged in the hazardous employment of operating his vehicle when injured. Matter of Aylesworth v. Phœnix Cheese Co., 170 App. Div. 34, 155 N. Y. Supp. 916, and Matter of Gleisner v. Gross & Herbener, 170 App. Div. 37, 155 N. Y. Supp. 946, are along the same lines.

We conclude, therefore, that the claimant is not within the Compensation Law. The award should therefore be reversed, and the claim dismissed. All concur.