PELLERIN v. INTERNATIONAL COTTON MILLS.

INTERNATIONAL COTTON MILLS v. PELLERIN.

(Circuit Court of Appeals, First Circuit.   January 24, 1918.)

Nos. 1304, 1305.

1. JUDGMENT ⬅︎199(1)—VERDICT—SETTING ASIDE.
    Where a verdict for plaintiff was on defendant's motion set aside, it is improper for the trial court to enter judgment, in the absence of any verdict by the jury, notwithstanding the court might have entered judgment upon a verdict directed by it at the trial.

2. MASTER AND SERVANT ⬅︎375(1)—INJURIES TO SERVANT—EMPLOYERS' LIABILITY ACT—SCOPE—"MILL."
    Under the New Hampshire Employers' Liability Act (Laws N. H. 1911, c. 163), which declares that it is applicable to workmen engaged in manual or mechanical labor in any shop, mill, factory, or other place in connection with or in proximity to any hoisting apparatus, or any machinery propelled or operated by steam, or other mechanical power in which shop, mill, factory, or other place five or more persons are engaged in manual or mechanical labor, the word "mill," under the decisions of the New Hampshire courts, includes not only the buildings wherein the work is done, but everything appurtenant thereto, and hence a carpenter, who under the terms of his employment might be engaged in manual labor, or in connection with or in proximity to machinery in the mill, and who had frequently been so engaged, is within the act, although his injury resulted from a fall from a platform adjoining and appurtenant to, but outside, one of the mill buildings.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mill.]

3. MASTER AND SERVANT ⬅︎405(1)—INJURIES TO· SERVANT—EVIDENCE—VERDICT.
    In an action under the New Hampshire Employers' Liability Act, by a servant who fell from a platform while he was moving a cupboard, evidence *held* to warrant a finding that the fellow servant assisting him was negligent, and that plaintiff, who fell, was not guilty of contributory negligence.

In Error to the District Court of the United States for the District of New Hampshire; Edgar Aldrich, Judge.

Action by Moses Pellerin against the International Cotton Mills, begun in the state court and removed to the federal court.   There was a verdict for plaintiff, and, on defendant's motion, verdict was set aside, and judgment for defendant ordered; but defendant's contention that the action was not maintainable under the New Hampshire Employers' Liability Act was not sustained.   Plaintiff brings error, and defendant also brings error.   Judgment reversed, and case remanded, with directions.

Louis E. Wyman, of Manchester, N. H. (Taggart, Burroughs, Wyman & McLane, of Manchester, N. H. on the brief), for plaintiff.

Edward C. Stone, of Boston, Mass. (Sawyer, Harding, Stone & Morrison, of Boston, Mass., on the brief), for defendant.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

DODGE, Circuit Judge. These two writs of error are brought by the plaintiff and defendant, respectively, in a suit to recover damages claimed by the plaintiff under the New Hampshire Employers' Liability Act (Laws 1911, c. 163).

The suit, brought originally in a New Hampshire state court, was removed into the federal District Court, on the defendant's petition alleging diverse citizenship of the parties, and was there tried at the April term, 1917. At the trial, notwithstanding a motion by the defendant at the close of the evidence for a directed verdict in its favor, the case was submitted to the jury, and a verdict rendered on May 4, 1917, in the plaintiff's favor and awarding him damages. Thereafter, on May 5, 1917, the defendant moved that the verdict be set aside and judgment for the defendant ordered. On June 21, 1917, the court granted this motion. According to a rescript that day filed, the verdict was set aside upon the ground that there was no substantial evidence entitling the plaintiff to go to the jury, and for the reason that he could not be relieved from the defense of contributory negligence. A further contention, which the defendant had made, not only in its motion to set aside the verdict, but also in its motion at the trial to direct a verdict in its favor, that the case was not within the above statute, was overruled.

The plaintiff excepted to the order setting aside the verdict, and has assigned as error the allowance of the defendant's motion and the setting aside of the verdict upon the grounds above stated. The defendant excepted to the ruling that the action was within the statute, and has assigned as error the denial of its motion to set the verdict aside on the ground that the evidence did not, as matter of law, bring the case within said statute.

[1] Having set the verdict aside as above, the court, on August 14, 1917, entered judgment for the defendant. This, in view of the decisions below referred to, we are obliged to regard as clearly erroneous. A new trial was necessary before any judgment could be entered. While the court might have entered judgment upon a verdict directed by it at the trial, it could not enter judgment in the absence of any verdict by the jury. The same right to trial by jury arose upon the setting aside of the verdict for the plaintiff as had belonged to him before the trial. Slocum v. New York, etc., Co., 228 U. S. 364, 379, 380, 33 Sup. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029; Young v. Central R. R., etc., 232 U. S. 602, 34 Sup. Ct. 451, 58 L. Ed. 750. See, also, in this court, Pacific Mills v. Farish, 213 Fed. 448, 130 C. C. A. 95.

The parties, however, have stipulated in this court that final judgment for the defendant is to be entered if the District Court committed no error in setting aside the verdict, or if its ruling that the plaintiff's case was within the statute referred to was erroneous. They

have further stipulated that, if the order setting aside the verdict was erroneous, but the ruling that the plaintiff's case was within said statute was not erroneous, final judgment for the plaintiff in the sum of $5,000 is to be entered, upon which judgment execution is to issue only for said amount and taxable costs. We proceed, therefore, to consider the errors respectively assigned.

[2] 1. The plaintiff, a carpenter by trade, had been employed in the defendant's mill for about five years before receiving the injury for which he claims damages, on March 26, 1915. The work carried on in the mill involved the use of hoisting apparatus or machinery propelled or operated by steam or other mechanical power, and in the mill five or more persons were engaged in manual or mechanical labor. So far there is no dispute.

According to his uncontradicted evidence, the plaintiff, during the period of his employment, had worked in the mill and on machinery therein. He had worked on several different machines. It cannot be said, however, that he had done no work, except in connection with machines. He had done the ordinary repair work which a carpenter would do, either in a carpenter shop located in one of the mill buildings, or wherever he was sent to do repair work about the mill, whether among machines or elsewhere.

He did not, however, receive the injury for which he sues while working on or in connection with machines of any kind. Nor was it received in any building containing machinery. He was injured by falling from a platform adjoining and appurtenant to, but outside of, one of the mill buildings. Under directions to get a certain fellow employé to help him, and to carry, with such help, a wooden cupboard then on said platform into a room in the building and there put it up, he and the fellow employé were trying to lift the cupboard and turn it on the platform, so as to get it through a door and into the room where it was to be put up. His claim is that the fellow employé negligently let the cupboard strike the wall of the building, and that he was thereby caused to lose his footing on the platform and fall to the ground, about 3 feet 7 inches below the level of the platform.

The New Hampshire statute is made applicable by section 1 thereof only to—

"workmen engaged in manual or mechanical labor in the employments described in this section, which, from the nature, conditions or means of prosecution of said work, are dangerous to the life and limb of workmen engaged therein, because in them the risks of employment and the danger of injury caused by fellow servants are great and difficult to avoid."

The only portion of the subsequent description applicable here, according to the contention of either party, is as follows:

"(b) Work in any shop, mill, factory or other place on, in connection with or in proximity to any hoisting apparatus, or any machinery propelled or operated by steam or other mechanical power in which shop, mill, factory or other place five or more persons are engaged in manual or mechanical labor."

So far as the place wherein the plaintiff was working when injured is alone concerned, the work being done comes under the statu-

tory description. "Mill," as used in the above quotation, includes not only the buildings wherein the "work" is done, but everything appurtenant to them, as a dam, flume, yard, or ways provided for use by employés. Boody v. K. & C. Mfg. Co., 77 N. H. 208, 210, 90 Atl. 859, L. R. A. 1916A, 10, Ann. Cas. 1914D, 1280.

But, in order to be within the statute, the employment wherein the plaintiff was manually laboring when injured must not only be work in a mill, but also "work in connection with or in proximity to any hoisting apparatus or machinery," such as the statute describes. Moving the cupboard, if it is to be considered by itself, without regard to any work included within the plaintiff's general employment, is certainly not shown to have been work of that description. It had no connection with any machinery whatever, nor can we believe that it was "in proximity to" any, in the statutory sense, even if such machinery was to be found inside the building to which the platform belonged.

If the plaintiff had been employed to do work such as never required him to enter this building, or any building belonging to the mill and containing such machinery, he would not have been entitled to the statutory remedy, according to Lizotte v. Nashua Mfg. Co., 78 N. H. 357, 100 Atl. 757. This, however, was not the case, as has been stated; and according to the construction of the statute adopted in Boody v. K. & C. Mfg. Co., above cited, it is the work included in the scope of the plaintiff's employment which here controls, and not the character of the particular work being done by him under said employment at the particular time of his injury. Under his employment, the plaintiff might at any time be engaged in manual labor in connection with or in proximity to the machinery in the mill, and he had frequently been so engaged. In view of the above decision by the highest court of the state, and the construction of the statute therein adopted, we are unable to hold that the District Court erred in ruling that the plaintiff was entitled to bring the statutory action.

[3] 2. The only remaining error complained of is assigned by the plaintiff. It consists in the allowance of the defendant's motion to set aside the verdict, because based upon evidence insufficient to support it, particularly because the plaintiff's own negligence, contributing to his accident, conclusively appeared therefrom. If the verdict ought not to have been set aside, final judgment for the plaintiff is to be directed, in accordance with the above stipulation of the parties.

The provisions of the statute entitled the plaintiff to recover, if his injury was due to accident arising out of and in the course of his employment, and caused, in whole or in part, by the negligence of any of his employer's officers, servants, or employés, unless it was made to appear by a preponderance of evidence that his own negligence contributed. The verdict should therefore have been allowed to stand, if there was any evidence upon which it could be found that the fellow servant's negligence caused the plaintiff's injury, and that his own negligence did not contribute thereto. The jury was taken to view the scene of the alleged accident on the first day of the trial. Both the

plaintiff and the fellow servant who was helping him move the cupboard testified at the trial in person.

That the fellow servant failed to exercise due care in directing his movements at the end of the cupboard nearest the wall, in view of the room left on the platform at its other end for the necessary movements of the plaintiff in performing his part of the turning operation, and that the plaintiff was thereby caused to lose his footing and fall from the platform, seems to us a conclusion that reasonable men might have drawn. In setting aside the verdict the learned judge made no intimation to the contrary, nor has the defendant strongly urged a contrary view before us.

We are unable to hold that no other reasonable conclusion was possible than that the plaintiff was also negligent and that his own negligence contributed to his injury. Whether or not the method of moving the cupboard which the plaintiff adopted in directing the operation was reasonably safe or not was for the jury to determine, in view of all the circumstances as shown to them. We do not think it can be said that it was necessarily unsafe, whether the fellow servant used due care or not, and the plaintiff was not bound to anticipate the fellow servant's failure to use due care.

The plaintiff is therefore entitled to judgment as agreed.

The judgment of the District Court is reversed, and the case remanded to that court, with directions to enter final judgment for the plaintiff in the sum of $5,000, execution to issue thereon only for said amount, with taxable costs. Pellerin recovers his costs in this court.