[Civil No. 2046. Filed December 22, 1923.]

[221 Pac. 235.]

## S. P. GILLIS, Appellant, v. W. E. GRAEBER, Appellee.

1. TRIAL — QUESTION ON WHICH EVIDENCE IS CONFLICTING IS FOR JURY.—A question as to the height of a scaffold, on which the evidence is conflicting, is for the jury.

2. MASTER AND SERVANT—EMPLOYER LIABLE UNDER STATUTE FOR INJURIES TO EMPLOYEE IN HAZARDOUS OCCUPATION. — To recover under Employers' Liability Act (Civ. Code 1913, pars. 3153–3162), an employee must have been injured while working in his employer's occupation as classified in paragraph 3156, the occupations enumerated in which are declared hazardous by paragraph 3155.

3. MASTER AND SERVANT — INJURIES TO BRICKLAYER FALLING FROM SCAFFOLD WHILE LAYING BRICKS IN FLUE ON SMELTING COMPANY'S PREMISES HELD NOT ACTIONABLE UNDER STATUTE DEFINING "HAZARDOUS OCCUPATION."—A bricklayer, falling from a scaffold twenty feet or more above the ground while laying brick in the walls of a flue being built by his employer on an ore smelting company's premises for use in connection with its smelter, may recover from his employer under Employers' Liability Act (Civ. Code 1913, par. 3156, subd. 5), declaring work on scaffolds suspended at such height a "hazardous occupation," but cannot recover under subdivision 8, declaring work about ore smelters hazardous, especially in the absence of allegation and proof of any causal relation between such fact and the injury.

---

2. Extrahazardous employment and other occupations expressly included within Workmen's Compensation Acts, see notes in **Ann. Cas.** 1917D, 4, 33, 38, 39, 42; **L. R. A.** 1917D, 152; **L. R. A.** 1918F, 230.

See 26 **Cyc.** 1079; 38 **Cyc.** 1536.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Judgment reversed with directions.

· Messrs. Struckmeyer & Jennings and Mr. C. L. Strouse, for Appellant.

Mr. Gerald Jones and Mr. J. H. Langston, for Appellee.

ROSS, J.—This is an action under the Employers' Liability Law, chapter 6, title 14, paragraphs 3153–3162, Civil Code of 1913. The questions raised involve a construction of the complaint, and we therefore quote that portion of it which sets forth the character of plaintiff's employment and the cause of the accident in which he was injured:

"That heretofore and on March 16, 1921, the plaintiff was employed by the defendant as a bricklayer in and about the erection and construction of a certain structure, to wit, a certain brick flue and tunnel in and about and used in connection with the ore reduction works and smelter and upon the grounds and property of the International Smelting Company at Inspiration, Gila county, Arizona.

"That on said March 16, 1921, and while the plaintiff was engaged in said employment and was doing work in connection therewith on a certain scaffold elevated 20 feet above the ground or floor beneath in the erection and construction of said structure, the plaintiff was injured by an accident due to a condition or conditions of such employment.

"That such condition or conditions of employment were as follows, to wit, that the defendant had furnished for the plaintiff's use in laying bricks in his said employment and on said structure a scaffold, and that the same was at said time and place elevated 20 feet about the ground or floor beneath and was then and there being used in the erection and construction of said structure; that while said plaintiff was standing thereon in the course of his said employment as a bricklayer and was using and stand-

ing on the same in and about his work of laying bricks and his employment as aforesaid on said structure, the base of said scaffold on which the plaintiff was standing did turn, and the said scaffold became loose, and by reason thereof the plaintiff did fall to the ground.

"That by reason of said condition or conditions of said employment, and said fall from said scaffold. . . . "

The supporting evidence was to the effect that defendant Gillis was building for the International Smelting Company, of Miami, a flue which when finished was to be used by the smelting company in connection with its smelter. On the day plaintiff was injured he was working for defendant Gillis as a bricklayer, laying bricks in the walls of flue. He was working on a swinging scaffold suspended in the air by ropes, and in some way the scaffold twisted or turned and caused him to fall to the cement floor beneath. The testimony on the question of the height of the scaffold was conflicting. It was not conclusively shown to be twenty feet or more above the ground or floor beneath; and yet the testimony on the question was in conflict. When plaintiff closed his case, defendant moved for an instructed verdict on that ground. The defendant in meeting motion stated that the height of scaffold was not the only ground of complaint; that plaintiff also relied upon subsection 8 of paragraph 3156, reading as follows:

"All work in or about quarries, open pits, open cuts, mines, ore reduction works and smelters."

Thereupon the motion for an instructed verdict was denied. The defendant then introduced some evidence on the height of the scaffold and renewed his motion for an instructed verdict. This motion was also denied.

The jury returned a verdict in favor of the plaintiff upon which judgment was duly entered. The

appeal is from the order overruling the motion for new trial and from the judgment.

The court in his instructions to the jury told them that if they found from the evidence that at the time alleged in the complaint plaintiff was employed by defendant in work in and about ore reduction works or smelters, or on a scaffold twenty or more feet above the ground or floor beneath in the erection and construction of a brick flue or tunnel, or either or both of such classes of work, the defendant was liable. The defendant assigns as errors the court's refusal to grant his motion for an instructed verdict, and the giving of said instruction.

Since the evidence upon the question of the height of the scaffold was in conflict, the court very properly left the decision of that question to the jury and did not err in refusing to grant the motion for an instructed verdict.

The Employers' Liability Law, in paragraph 3156, classifies hazardous occupations of employers into ten groups. By paragraph 3155:

"The labor and services of workmen at manual and mechanical labor, in the employment of any person . . . [engaged] in the occupations enumerated in the next section [3156] hereof, are . . . declared and determined to be service in a hazardous occupation within the meaning of the . . . preceding section."

We think it too clear for controversy that before the employee can recover from the employer he must have been injured while working in the employer's occupation, as classified in paragraph 3156. In other words, if the employer's occupation is the operation of a railroad, and the employee was hired to do railroading, he must have received his injury in that service before he can recover from his employer; or, if the employer's occupation is the construction, alteration, or repair of pole lines for telegraph or telephone, and the employee was hired to assist in such

work, he must show he received his injury in his employer's hazardous occupation; or, if the employer's hazardous occupation is the operation of an ore reduction works or smelters, and the workman's employment is to help in such operation and he is injured while doing so, he may recover. But when his employer's occupation is not the hazardous one of operating ore reduction works or smelters, and the employee was not employed in such operations at the time of his injury, plainly he cannot recover simply because he happened to be at the moment upon the grounds of a smelter belonging to a stranger, helping to build a flue to be used by smelter later on when finished.

The occupation of bricklayer is not declared by the statute to be hazardous, but the occupation of laying brick, as well as all other work, on ladders or scaffolds "elevated twenty feet or more above the ground or floor beneath in the erection, construction, repair, painting or alteration of any building, bridge, structure or other work in which the same are used" is, by subsection 5, paragraph 3156, declared and determined to be hazardous; and this is the occupation the complaint charges the defendant was engaged in and in which the plaintiff, it is alleged, was injured. Neither the employer nor the employee is alleged to be engaged in the occupation of ore reduction works or smelters. On the contrary, it is alleged in effect that defendant employed plaintiff as a bricklayer to lay bricks in the walls of a certain structure, to wit, a brick flue, and that while he was laying bricks he was elevated twenty feet or more above the ground or floor beneath on a scaffold and because of the condition of the scaffold he fell and was injured. True, he alleges the structure was "in and about and used in connection with the ore reduction works and smelter and upon the grounds and property of the International Smelting Company, at Inspiration, Gila

county, Arizona." But the only possible office of such allegation was to give location to his work. Surely it would not be contended, if the allegation and proof had been that the flue upon which plaintiff was working was in and about a telegraph wire of the Western Union, or the railroad tracks of the Santa Fé, or the telephone line of the Mountain States Telephone Company, and to be used in connection therewith—all engaged in hazardous occupations under the statute— it would have aided in the least his cause of action, based solely upon the elevation at which he was working when injured.

The plaintiff was not engaged in the hazardous occupation of ore reduction or smelting, and what is more, he neither alleges nor offers proof that there was any causal relation between his injury and the fact the flue on which he was working was on the premises of the smelting company, and when finished was to be used as a part of its plant. If the plaintiff's cause of action is not based upon the fact that his work was upon a scaffold twenty feet high, then he states no cause of action. He does not claim in his complaint or elsewhere that the accident in which he was injured was due to a condition or conditions of any ore reduction works or smelter of the smelting company.

This is not a case in which the question is as to whether the plaintiff was engaged in the work he was employed to do at the time of injury, although away from the premises; or whether his employment was nonhazardous, although his employer's was admittedly hazardous, as it was in *In re Larsen,* 218 N. Y. 252, 112 N. E. 725, or *Mandle* v. *A. Steinhardt & Bro.,* 173 App. Div. 515, 160 N. Y. Supp. 2, or *In re Brown,* 173 App. Div. 432, 159 N. Y. Supp. 1047. Here the accident and resulting injury are alleged to be due to the condition or conditions of scaffold and its elevation of twenty feet or more above the ground

or floor beneath, and such is also the proof. The purpose for which the flue was intended had nothing to do with the accident, and that the flue happened to belong to a smelting company instead of a hospital has no legal bearing on the controversy. Both the Employers' Liability Law and section 7 of article 18 of the state Constitution, upon which such law is founded, provide that the injury must be caused by accident due to a condition or conditions of the occupation. It is as certain as pleadings and proof can make it that the accident charged in this complaint was not due to any condition or conditions of the occupations of operating ore reduction works or smelters, and that neither the plaintiff nor defendant was employed in such occupations.

Plaintiff cites as supporting the court's instruction the case of *United Verde Extension Mng. Co.* v. *Littlejohn* (C. C. A.), 279 Fed. 223. That case is not applicable. Littlejohn was an employee of the defendant mining company, and at the time of the accident was carrying a heavy weight over an open pit, when the plank spanning it gave away and he fell into the pit. In the Littlejohn case the cause of the accident was traceable directly to the condition of the employer's plant. Indeed, in that case the cause of the accident was shown to be the condition or conditions of the plank over the pit upon which Littlejohn was working at the time. If in the present case Graeber had been working for the International Smelting Company, and had been accidentally injured by the giving away of a plank over an open pit and thereby precipitated into the pit, or had been injured by any other accident due to a condition of the smelting company's plant, the Littlejohn case would be in point.

We are convinced that the court erred in instructing the jury the defendant was liable if the plaintiff was injured while employed in and about ore reduc-

tion works or smelters, such instruction being without both the pleadings and the evidence.

The judgment of the lower court is reversed and the cause remanded, with the direction that a new trial be had.

McALISTER, C. J., concurs.

LYMAN, J. (Dissenting).—The opinion of the court deals with the construction of the complaint and of subdivision (8), paragraph 3156, of the Revised Statutes of 1913. It is my view that the complaint states a cause of action under this subdivision. But the question of the more importance is the interpretation placed upon the statute, which has a bearing not only upon the subdivision especially under consideration but upon other subdivisions of the same paragraph. The subdivision, with the first lines of the paragraph, which must be read into each subdivision in order to make a complete sentence, is as follows:

"3156. The occupations hereby declared and determined to be hazardous within the meaning of this chapter are as follows: . . .

"(8) All work in or about quarries, open pits, open cuts, mines, ore reduction works and smelters."

If this sentence means what it says, then all work done in and about a smelter is "hazardous" within the definition of the statute, whether the employer be the owner or operator of the smelter, or someone working for the owner or operator as contractor or otherwise. Of course, it does not include someone who merely "happens" to be in the smelter. That situation is not applicable to the facts of this case, as the plaintiff was not there by chance, but by regular and legitimate employment by a contractor operating for and under the owner of the smelter. It can hardly be contemplated that a different liability attaches to the owner who employs labor about his

smelter than attaches to a contractor, or that the laborer, in order to secure protection under the statute, must determine by what title or in what capacity his employer is carrying on the business. If the subdivision means what it says, one kind of work done within a smelter is protected by the same liability that protects any other work in the smelter. The statute makes no distinction between work done in the actual operation of the smelter and work done in its repair or construction, provided the smelter is at the time in actual existence. That question is decided in the case of *United Verde Extension Mining Co.* v. *Littlejohn* (C. C. A.), 279 Fed. 223, and there is no authority to the contrary.

If the legislature did not intend this subdivision to mean what it says, that intention must be written somewhere in the statute, and in the opinion of my learned associates such intention appears in paragraph 3155, which is as follows:

"3155. The labor and services of workmen at manual and mechanical labor, in the employment of any person, firm, association, company, or corporation, in the occupations enumerated in the next section hereof, are hereby declared and determined to be service in a hazardous occupation within the meaning of the terms of the preceding section.

"By reason of the nature and conditions of, and the means used and provided for doing the work in, said occupations, such service is especially dangerous and hazardous to the workmen therein, because of risks and hazards which are inherent in such occupations and which are unavoidable by the workmen therein."

This paragraph limits the operation of the Employers' Liability Law to those engaged in manual and mechanical labor when such labor is done for anyone carrying on any of the "occupations" enumerated in paragraph 3156. One of the occupations there enumerated is all work in a smelter. I am unable

to find anything in paragraph 3155 which so limits the effect of subdivision (8) as to make it apply to only a part of the work, nor do I find anything there which requires the employer to be either the owner or the operator of the smelter itself. If there is any inconsistency between these paragraphs so that one might be held to qualify the other, it arises from the differing functions of the two paragraphs. The first is a general, and the latter a specific classification of hazardous occupations. In such instances the specific prevails over the general, and the generalization of 3155 must yield to the particulars stated in 3156. 2 Lewis' Sutherland on Statutory Construction, 345.

The legislature in defining the various occupations which it has declared to be hazardous has in some instances made the hazard depend upon the particular class or character of work done, and in other instances has made the hazard depend upon the physical location in which the work is done. Both of the dangers upon which recovery is sought in this instance depend upon location, rather than upon the character of the work done. The hazard, as clause (5) defines it, exists whenever the work is done upon a scaffold, whether that work be painting, bricklaying, or what not else. Clause (8) also defines the hazard by the proximity of the work to certain dangerous localities.

Unless this classification of hazards is unreasonable or arbitrary, or in conflict with some constitutional provision, it must be enforced by the courts as it is written. This statute has many times by this court been found to be neither unreasonable, nor arbitrary, nor in conflict with the Constitution of this state. The Supreme Court of the United States has likewise found that the law is not repugnant to the Constitution of the United States, and that the classification of hazards is not arbitrary nor unreasonable.

*Arizona Employers' Liability Cases,* 250 U. S. 400, 63 L. Ed. 1058, 6 A. L. R. 1537, 39 Sup. Ct. Rep. 553.

The words "in or about" any object seem plainly enough to refer to physical locality. It is very common in laws of this character to classify a hazardous occupation by its proximity to things or processes known to be dangerous and the words have always been interpreted, so far as any precedents have been cited or examined, as relating to the presence of danger from the locality, rather than from the particular work carried on. *Bevard* v. *Skidmore-Patterson Coal Co.,* 101 Kan. 207, 165 Pac. 657; *United Verde Extension Mining Co.* v. *Littlejohn* (C. C. A.), 279 Fed. 223. In the present instance, bricklaying was being done in a smelter then in operation. The brick was being laid into a flue which was designed for service in the operation of smelting or reducing ore, and to meet the needs and uses of the smelter. It was not something foreign to the smelter's business.

The occupation in which plaintiff was engaged comes within the limits of the occupations defined in said clause (8). This conclusion is authorized by the construction given to the same statute by the Ninth Circuit Court of Appeals in *United Verde Extension Mining Co.* v. *Littlejohn,* 279 Fed. 223. Littlejohn, at the time of the accident, was carrying an iron bolt across a plank spanning an open pit. The plank broke, and precipitated Littlejohn into the pit, causing the injury complained of. The pit was being constructed as an addition to a sample mill, an adjunct of a smelter. In the opinion of the court, Littlejohn was employed in a hazardous occupation within the scope and purpose of clause (8); that is to say, he was employed in work "in and about an open pit in an additional construction to the sample mill, and this sample mill was to be used to crush ore for the smelter. The work of construction in

which the plaintiff was employed was necessary to enable the defendant to carry on its business of smelting ores, and the work was in and about an open pit, ore reduction works and a smelter."

The same opinion also says the work was necessary and appropriate to enable the defendant to carry on its business of smelting ores, and work was being done in and about the defendant's smelter. Littlejohn, like the plaintiff in this case, was engaged in construction work. Neither was doing anything in connection with the operation of the smelter, but both were in the location declared by the statute to be dangerous, and both were injured by an accident due to the conditions of their employment. It is not the function of the court to assume judical knowledge of what sort of labor is peculiar and appropriate to be done in a smelter. The legislature has assumed that responsibility and declared that "all work in or about a smelter" is hazardous. Much less is it the function of the court to assume to take judicial knowledge that bricklaying is not hazardous when carried on in a smelter. *Boody* v. *K. & C. Mfg. Co.*, 77 N. H. 208, Ann. Cas. 1914D, 1280, L. R. A. 1916A, 10, 90 Atl. 859; *Pellerin* v. *International Cotton Mills,* 248 Fed. 242, 160 C. C. A. 320.

The fact that bricklaying is not under all conditions or in all locations a hazardous occupation does not militate against the plaintiff's right of recovery, if otherwise he comes within the provisions of the statute. It is no uncommon thing for an accident to entitle the workman to recover under this liability statute which might in other surroundings and circumstances be wholly without the protection of the law. In the *Egich Case,* 22 Ariz. 543, 199 Pac. 132, for instance, the recovery was on account of an injury caused by the head of a hammer coming loose from the handle, hurting plaintiff's toe. A similar accident might have occurred in many occupations

not declared by the statute to be hazardous, and have afforded the plaintiff no ground of relief.

In the case of *In re Larsen,* 218 N. Y. 252, 112 N. E. 725, the plaintiff was found entitled to recover on account of an injury suffered by him while engaged in putting up a shelf in a factory used for the manufacture of drugs and chemicals. The hazardous nature of the business in which the plaintiff in that case was employed consisted in the manufacture of drugs and chemicals. The plaintiff, in attempting to put up a shelf, lost his balance and fell down the elevator shaft. For that he claimed compensation, which was opposed on the ground that the claimant, at the time of the accident, was not engaged in any act immediately connected with what might be deemed the hazardous and characteristic feature of the business, although such act was incident to the employment, and necessary in prosecuting and carrying forward the business. The plaintiff was found entitled to recover.

It is admitted that the accident happened while the plaintiff was doing the work which he was hired to do in the place where he was hired to do it, and that he was working "in or about ore reduction works and smelter." The recital of facts seems to indicate, too, that the accident was due to a twisting or turning of the scaffold upon which his work required him to stand, which is equivalent to saying that it was due to the conditions of his employment.

The laborer who can read the English language has a right to rely upon the plain import of this subdivision when he goes into a smelter to work, by whomsoever engaged, and he has a right to hold that employer to the liability by which the statute undertakes to shelter and protect him.

I can find no reason for reversing the judgment.