[Civil No. 2284.   Filed June 18, 1925.]

[236 Pac. 1108.]

# SALT RIVER VALLEY WATER USERS' ASSO-CIATION, Appellant, v. LAWRENCE G. WHEELER, Appellee.

1. TRIAL—INSTRUCTION THAT ANYTHING NECESSARY TO CONSTRUCTION OF TRANSMISSION LINE WOULD BE WORK DONE IN CONSTRUCTION HELD ERRONEOUS AS BEING TOO BROAD.—In action under Employers' Liability Law for injuries sustained by lineman while trimming trees preparatory to construction of electrical transmission line, instruction, that any work which was necessary to be done for construction of the line would be work done in construction, *held* erroneous as being too broad.

2. APPEAL AND ERROR—ERROR IN INSTRUCTION AS BEING TOO BROAD HELD HARMLESS.—In action for injuries under Employers' Liability Law (Civ. Code 1913, par. 3156, subd. 7), sustained by lineman while trimming trees for an electrical transmission line, error in instruction that any work which was necessary to be done for construction of the line would be work done in construction *held* harmless, where reviewing court could determine as matter of law that plaintiff's work was work in construction of a pole line.

3. MASTER AND SERVANT—INJURIES TO LINEMAN HELD DUE TO CONDITION OF EMPLOYMENT WITHIN STATUTE.—Injuries suffered by lineman while trimming trees for proposed electrical transmission line, which work was as hazardous as climbing poles and which was part of the work of construction, *held* due to a condition or conditions of employment within Civil Code of 1913, paragraph 3156, subdivision 7.

4. MASTER AND SERVANT — LINEMAN'S NEGLIGENCE IN CHOOSING METHOD HELD FOR JURY.—In action for injuries sustained by lineman while trimming trees for electrical transmission line, in which there was an unsafe way to do work and another way which perhaps might have been safe, question of plaintiff's negligence *held* for jury.

5. APPEAL AND ERROR—ERROR IN INSTRUCTION TENDING TO FAVOR DEFENDANT HELD HARMLESS.—In action for injuries, instruction that

---

3. What are hazardous employments within meaning of employers' liability laws, see notes in **Ann. Cas.** 1917D, 10; **L. R. A.** 1918F, 230; **L. R. A.** 1917D, 142; **L. R. A.** 1916A, 192.

4. See 20 **R. C. L.** 120.

5. See 14 **R. C. L.** 815.

"plaintiff had burden of showing that accident was not caused by his own negligence; hence, unless you find as an affirmative fact that it was not caused by sole negligence of plaintiff, verdict should be for defendant," though not entirely clear, because of double negative in last sentence, *held* harmless, since error tended to favor rather than prejudice defendant.

See (1) 38 **Cyc.**, p. 1615. (2) 4 **C. J.**, p. 1033. (3) 26 **Cyc.**, p. 1112. (4) 26 **Cyc.**, p. 1482. (5) 4 **C. J.**, p. 918.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Alfred C. Lockwood, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

Lawrence G. Wheeler, plaintiff and appellee, was employed by the appellant as a lineman. His duties consisted largely of trimming trees to prepare a right of way for electric transmission lines to be constructed by appellant. On the sixteenth day of November, 1921, he sustained the injury for which this suit was brought. The work in which he was engaged at the time he sustained the injury complained of was that of trimming a row of large cottonwood trees for the purpose of making a proper clearance for the wires of an electric transmission line that appellant was constructing. In order that such transmission line might be properly constructed, it was necessary that proper clearance for the wires be made by trimming the trees in question.

At the time of the accident the poles had been set, but the wires had not been strung within a quarter of a mile of the place where the accident occurred. No wires were being strung on any part of the line at the time of the accident. No electrical power or mechanical power of any kind was being used at any place near the scene of the accident. The nearest pole of the transmission line was about twenty feet from the point where the accident occurred.

Appellee was experienced in the trimming of trees. His instructions were to follow the maxim, "Safety first." He was not instructed as to the details of his work—these were left to his own discretion. He was given opportunity to take, when he went to work in the morning, any equipment he would require during the day. Ropes were always available to him. He did not take with him any ropes on the morning of the accident.

With his climbing spikes he climbed to some distance above the ground and chopped off a large cottonwood limb some eight inches in diameter at the butt and some twenty feet in length. This limb fell against, and lodged in, an adjoining tree. He did not remove the butt of the limb from the stump from which it was chopped. He loosened it from the stump and allowed it to remain resting there. He then climbed down the tree from which he had chopped this limb and picked up a hook six or eight feet long which was lying on the ground. Climbing up the tree in which the limb had lodged, he took a position in the crotch of this second tree directly under the limb he had chopped off, fastened himself to a branch of the tree on which he stood directly under the limb he had chopped off, took the hook above mentioned, and tried to push off the limb from the position in which it had lodged. Failing to dislodge the limb by pushing, he hooked the hook around the limb and pulled it downwards and towards himself. This caused a small limb upon which rested the limb he had chopped off to break, and the large limb upon which he pulled fell directly down upon him, striking him on the arm and shoulder, and doubling him up in the crotch of the tree in which he was standing. It is for the injuries sustained by the falling of this limb upon the appellee that this action was brought.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellant.

Messrs. Baker & Whitney, for Appellee.

CHAMBERS, Superior Judge (After Stating the Facts as Above).—This action is brought under the Employers' Liability Law of this state (Civ. Code 1913, §§ 3153–3162). Appellant makes thirteen assignments of error, which raise two main questions: First. Does the work in which appellee was engaged at the time he sustained the injury bring the case within the provisions of the Employers' Liability Law? Second. Was the injury caused by the negligence of the appellee?

Subdivision 7 of paragraph 3156, Revised Statutes of Arizona 1913, classifies "all work in the construction, alteration, or repair of pole lines for telegraph, telephone or other purposes" as hazardous within the meaning of the Employers' Liability Law.

Appellant contends that the first question should be answered in the negative, first, for the reason that the trimming of trees is not such work as comes naturally in the construction of a pole line, but is work outside of the construction of a pole line; and, second, that the evidence does not show that the accident in which the appellee was injured was due to a condition or conditions of the hazardous employment of constructing or repairing pole lines.

Appellant assigns as error the following instruction given by the court:

"And in this connection, gentlemen, I instruct you that any work which was necessary to be done for the construction of the pole line for telegraph, telephone, or other purposes, would be work done in the construction; that is, anything that was necessary in order properly to construct this line, and for that

28 Ariz.—23

purpose would be considered work done in this occupation.''

We think the evidence fairly shows that the trimming of these trees was a necessary and indispensable part of the construction of the pole line. True, as urged by appellant, the employee was subject to no greater hazard than would be the employee of a farmer who was trimming trees for firewood; but this court is not concerned with the details of the work where it appears from the evidence that the specific work being done is an indispensable part of the hazardous occupation declared by statute. We think the instruction given by the court is too broad. We do not believe the jury should have been instructed that ''any work which was necessary to be done for the construction of the pole line would be work done in the construction,'' nor that ''anything that was necessary in order properly to construct this line, and for that purpose, would be considered work done in this occupation.'' The instruction is too broad, as it might include such preliminary work as a survey, or the hauling out of materials, or other preliminary work which is necessary to be done in order to construct a pole line, but yet not really work in the construction. However, in this case we consider the instruction harmless, for the reason that, the evidence being uncontradicted upon this point the court can determine as a matter of law that the labor in question was work in the construction of a pole line.

As to the contention of the appellant that the accident was not due to a condition or conditions of the hazardous employment of constructing or repairing pole lines, we think this case is distinguished from the case of *Gillis* v. *Graeber*, 26 Ariz. 34, 221 Pac. 235. In the Gillis case the employee was a bricklayer engaged in the erection of a brick flue and tunnel, which was in and about, and used in connection with, the ore

reduction works and smelter, and upon the grounds and property of the International Smelting Company in Gila county. The employer was not engaged in the operation of a mine or smelter. The court says that, before the employee can recover from the employer, he must have been injured while working in the employer's occupation, as classified in paragraph 3156 of the Revised Statutes, and in the course of the opinion this language is used by way of illustration:

"If the employer's occupation is the construction, alteration, or repair of pole lines for telegraph or telephone, and the employee was hired to assist in such work, he must show he received his injury in his employer's hazardous occupation."

In this instance the employer, the appellant in this case, was engaged in the construction of a pole line which was to be used as an electric transmission line. If the trimming of trees was an integral part of that construction, as it appears from the evidence that it was, then it is apparent under the decision in *Gillis v. Graeber, supra,* that this case is easily distinguished from the illustrations cited by counsel for the appellant, where they presuppose that this trimming of trees might have been done by an independent contractor, or the same class of work might have been done by a farmer who was trimming trees for firewood.

The statute reads:

"All work in the construction, alteration or repair of pole lines for telegraph, telephone or other purposes."

The case of *Consolidated Arizona Smelting Co.* v. *Egich,* 22 Ariz. 543, 199 Pac. 132, holds that:

"The condition or conditions that cause the accident resulting in injury or death may be inherent in the occupation, or they may arise from the manner in which the business is carried on. The conditions of

the occupation in which the employee does his work involve, not only the place he works, but the tools with which he works, the one as much as the other. He cannot perform his work without tools, nor without being in the place assigned to him.''

In this case it is apparent that the work above ground in trimming trees is hazardous just the same as climbing poles, and, it being a part of the work of construction, it appears to us that the injury suffered in this case was due to a condition or conditions of the employment.

The second question raised by appellant must, we think, be answered in the negative. There was evidence to show that the appellee might very well have taken a rope, climbed the tree, tied the rope around the limb, returned to the ground, and have dislodged the limb from the tree by pulling on the rope without danger to himself. So it appears in this case that there was an unsafe way to do the work and another way which perhaps might have been safe. In the case of *Tom Reed Gold Mines Co.* v. *Morrison,* 26 Ariz. 281, 224 Pac. 822, this court used the following language:

''The mere fact that one selects voluntarily the more dangerous of two ways of doing a thing does not of itself as a matter of law constitute negligence. . . . Whether, therefore, the injury was due to appellee's negligence in choosing the less safe method . . . or to a condition of his employment was a matter falling peculiarly within the province of the jury to decide.''

So in the instant case the question of negligence became one of fact for the jury.

Appellant complains of the following instruction given by the trial court:

''You are instructed, gentlemen of the jury, that the plaintiff has the burden of showing that the acci-

dent which caused his injury was not caused by his own negligence. Hence, unless you find as an affirmative fact that the accident which caused plaintiff's injury was not caused by the sole negligence of the plaintiff, your verdict must be for the defendant.''

We cannot approve the form of this instruction, for the reason that in the last sentence two negatives are used, thus making the instruction confusing to the jury. Webster defines the word ''unless'' as—

''Upon any less condition than; if not; supposing that not; if it be not; were it not that.''

The last part of this instruction, translated, might therefore well read:

''Hence, if you do not find as an affirmative fact that the accident which caused plaintiff's injury was not caused by the sole negligence of the plaintiff, your verdict must be for the defendant.''

—which would still be confusing. The instruction being not entirely clear on account of the double negative, we do not recommend it to trial courts. The one clear thing about the last sentence of the instruction is, ''your verdict must be for the defendant.'' Hence the error tended to favor rather than prejudice the appellant with the jury, and is therefore harmless.

Appellant makes particular complaint of this instruction on account of the use of the word ''sole'' before the word ''negligence.'' The use of the word ''solely,'' in an instruction somewhat similar to this, was discussed at length in the case of *Young Mines Co., Ltd.,* v. *Blackburn,* 22 Ariz. 199, 196 Pac. 167. It is within the knowledge of the writer that the trial courts of this state have been frequently using the form of instruction there approved. While we believe that the word ''sole'' or ''solely'' might well be omitted from these instructions, we do not desire to

change the ruling there made, and consider further discussion of the subject unnecessary.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LOCKWOOD, having tried this case in the lower court, took no part in this decision.